IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD DARTHARD,<br>TDCJ-CID NO. 296599,<br><br>          Plaintiff,<br><br>v.<br><br>NATHANIEL QUARTERMAN,<br><br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-09-0496 |

### MEMORANDUM OPINION AND ORDER

Gerald Darthard, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983 against Nathaniel Quarterman, the TDCJ-CID Director, claiming that he is being illegally held beyond his release date. After reviewing the complaint, the court will dismiss this action as frivolous.

Darthard alleges that he is still incarcerated even though his TDCJ-CID records reflect that he has a mandatory release date of February 2, 2009. Darthard seeks an order for his immediate release. To the extent that Darthard seeks to challenge his conviction, his "§ 1983 action must be dismissed because his claim would be cognizable only in habeas corpus." Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Darthard can only file a petition for a writ of habeas corpus in federal court if he has exhausted all available state remedies. 28 U.S.C. § 2254(b);

Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or an application for a writ of habeas corpus. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas, the Texas Court of Criminal Appeals is the court of final review regarding criminal matters. TEX. CODE CRIM. PROC. ANN., art. 4.04 § 2 (Vernon 2005). Darthard has not alleged or shown that he has properly brought his claim before the Court of Criminal Appeals.[1]  Therefore, it cannot be considered in federal court at this time.

Darthard has also filed a Motion for Injunctive Relief (Docket Entry No. 3) in which he seeks immediate release from prison. The motion shall be denied for the reasons stated above. Moreover, the TDCJ-CID website indicates that Darthard's actual release date is February 26, 2009.

This prisoner action will be dismissed as frivolous because it lacks an arguable basis in law. 28 U.S.C. § 1915(e)(2); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

---

[1] The Court of Criminal Appeals website (www.cca.courts.tx.us) reflects that Darthard has a pending Application for Writ of Mandamus. Ex parte Darthard, No. 32,389-04. The proceeding, as well as its status, does not satisfy the exhaustion requirement. See Myers, 919 F.2d at 1076; Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972).

The court shall grant Darthard permission to proceed as a pauper. Although Darthard is subject to the provisions of the Prisoner Litigation Reform Act, which requires prisoners to pay the filing fees regardless of their pauper status, 28 U.S.C. § 1915(b), the TDCJ-CID Inmate Trust Fund shall not be **ORDERED** to make withdrawals from Darthard's inmate trust account due to Darthard's imminent release date.

It is, therefore, **ORDERED** as follows:

1. Plaintiff, Gerald J. Darthard's, Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e)(2).

2. Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. Plaintiff's Motion for Injunctive Relief (Docket Entry No. 3) is **DENIED**.

4. The Clerk is directed to provide a copy of this Order of Dismissal to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512- 936-2159; and the Pro Se Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 27th day of February, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE